**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

In re:                                                                  Chapter 11

1925 N Brunswick LLC,                                    Case No.: 26-43382 (JMM)

                              Debtor.
------------------------------------------------------------X

### NOTICE OF HEARING ON
### MOTION TO DISMISS THE BANKRUPTCY CASE
### OR CONVERT IT TO CHAPTER 7 AND OTHER ANCILLARY RELIEF

**PLEASE TAKE NOTICE** that a hearing shall be held on September 23, 2026, at 2:30 PM on the motion filed by East Willi Capital LLC seeking to dismiss the bankruptcy case or convert it to a case under chapter 7 of the Bankruptcy Code, and other ancillary relief (the "Motion") [ECF No. ]. The hearing shall be held before the Honorable Jil MazerMarino, United States Bankruptcy Judge, in Courtroom 3529 at the United States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, New York 11201-1800.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be in writing and filed with the Bankruptcy Court by September 17, 2026, (the "Objection Deadline") through the Court's electronic filing system. Instructions for electronically filing an objection can be found at www.nyeb.uscourts.gov. A copy of the objection must also be served, so as to be received by the Objection Deadline, on: East Willi Capital LLC, all parties in interest and the U.S. Trustee.

**PLEASE TAKE FURTHER NOTICE**, that you may appear at the hearing in person, by phone or by videoconference. Those intending to appear at the hearing must register with eCourt Appearances no later than two days prior to the hearing. The phone number or video link for the hearing will be emailed only to those that register with eCourt Appearances in advance of the hearing. Instructions for registering with eCourt Appearances can be found at https://www.nyeb.uscourts.gov/node/2126. If you do not have internet access or are otherwise unable to register with eCourt Appearances, you may call or email Judge Mazer-Marino's courtroom deputy for instructions at (347) 394-1844 or JMM_Hearings@nyeb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that the hearing on the Motion may be adjourned without notice other than an announcement at the hearing.

Dated: Pomona, New York
      August 7, 2026                     **BERKOVITCH & BOUSKILA PLLC**


                                     */s/ Ariel Bouskila*
                               Ariel Bouskila Esq.
                               *Attorneys for East Willi Capital LLC*
                               1545 U.S. 202 Suite 101
                               Pomona New York 10970
                               212-729-1477

Service List

| | |
|---|---|
| 1925 N Brunswick LLC | Notice of Electronic Filing (ECF) |
| 443 E. 5th St. | Email to Counsel |
| Brooklyn, NY 11218 | |
| c/o Solomon Rosengarten | |
| 1704 Avenue M | |
| Brooklyn, NY 11230-5423 | |
| Email: VOKMA@aol.com | |
| **(Debtor's Counsel)** | |
| | |
| Israel Schaya | Notice of Electronic Filing (ECF) |
| c/o Forchelli Deegan Terrana LLP | Email to Counsel |
| 333 Earle Ovington Blvd., Suite 1010 | |
| Uniondale, NY 11553 | |
| Email: mamato@forchellilaw.com | |
| **(Interested Party)** | |
| | |
| U.S. Trustee | Regular Mail |
| Eastern District of NY (Brooklyn Office) | |
| U.S. Federal Office Building | |
| 201 Varick Street, Suite 1006 | |
| New York, NY 10014 | |
| USTPRegion02.BR.ECF@usdoj.gov | |

2

**BERKOVITCH & BOUSKILA PLLC**
Ariel Bouskila
1545 U.S. 202 Suite 101
Pomona NY 10970
Phone: (212) 729-1477 X301
ari@bblawpllc.com

**Hearing Date: 09/23/2026**
**Hearing Time: 2:30 P.M.**

*Attorneys for East Willi Capital LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

In re:                                                          Chapter 11

1925 N Brunswick LLC,                              Case No.: 26-43382 (JMM)

                                    Debtor.
------------------------------------------------------------X

**MOTION TO DISMISS THE BANKRUPTCY CASE**
**OR CONVERT IT TO CHAPTER 7 AND OTHER ANCILLARY RELIEF**

**To: THE HONORABLE JIL MAZER-MARINO**
    **UNITED STATES BANKRUPTCY JUDGE**

1.      East Willi Capital LLC ("Movant"), by and through its counsel Berkovitch & Bouskila, PLLC, respectfully submit this Motion to dismiss 1925 N Brunswick LLC's Bankruptcy case or convert it to chapter 7, and for order terminating the automatic stay in a subsequent bankruptcy case the Debtor files until, on notice and a hearing, the Debtor establishes that the petition was filed in good faith (the "Motion").

**BACKGROUND**

2.      On March 10, 2026, Movant filed a foreclosure complaint in the Middlesex County Court (the "State Court"), New Jersey (the "Underlying Action") against, among others, the Debtor, Aron Landau ("Landau") and Israel Schaya ("Schaya").  On June 11, 2026, an Answer was filed in the Underlying Action on behalf of the Debtor and Schaya.  On June 19, 2026, Movant

1

filed a motion for summary judgment and an order striking the answers and separate defenses of the Debtor and Schaya.  The motion was scheduled to be heard on August 14, 2026.  A copy of these pleadings and the docket sheet is attached as **Exhibits A–D**.

3.      On May 14, 2026, counsel for Landau emailed Movant's counsel advising it that Landau's "consent is necessary for all matters concerning the LLC."[1]

4.      On July 13, 2026, Solomon Poller ("Poller") filed a bankruptcy petition ("Bankruptcy") on behalf of the Debtor in his alleged capacity as Manager of the Debtor. However, as Schaya noted in its motion before the Court, Poller failed to file a corporate resolution or similar authorization and has not indicated on what authority he is the Debtor's manager.[2] Movant has requested such information from the Debtor's counsel but counsel has failed to Movant's email.  Debtor's counsel has also failed to answer Movant's question whether the Debtor maintains appropriate insurance on the Debtor's real property.

5.      Poller has filed contradictory valuations of the Debtor's real property, claiming it is worth either $1,000,000 or $1,800,000.[3]   However, Poller does not explain the basis of his number.  Considering that the real property was purchase for $800,000 on July 26, 2024,[4] Poller's figure seems quite specious.[5]

6.      Poller listed Movant as the Debtor's only creditor, a fact Poller has confirmed in subsequent filings as well.[6]    Poller advised the Court that the Bankruptcy's purpose is "in order to organize and adjust the Debtor's debts."[7]  However, Schaya, allegedly owning 75% member of

---

[1] Declaration of Jake Berger (the "Berger Decl."), Exh. 1.
[2] *See* Doc. 9, ¶ 20.
[3] Compare Doc. 14, PDF p. 6, Doc. 18, ¶ 5.
[4] Declaration of Steven Goldschmied (the "Goldschmied Decl."), Exh. I.
[5] *See generally* https://www.homes.com/property/1925-4th-st-north-brunswick-township-nj/0gjx1b4r4mezc/
(estimating the value of the property at $846,088).
[6] *See, e.g.*, Doc. 14, PDF p. 9, Doc. 19.
[7] Doc. 18, ¶ 4.

the Debtor, states that the bankruptcy is "a tactical delay designed to delay or completely derail the Arbitration."[8]  Meanwhile, Movant's foreclosure action is stayed and the Debtor has refused to provide Movant with adequate protection payments during the pendency of the Bankruptcy.

7.      Movant maintains that it and the estate would be best off if the case is converted to chapter 7.  Movant believes that conversion to chapter 7 will reduce its costs in collecting the outstanding balance due to it and will ensure that the Debtor's real property is sold for the highest value, ensuring that the estate will recover whatever equity exists in excess of Movant's secured claim.  Movant does not believe, based upon Movant's experience with foreclosure proceedings, that the Debtor's property will sell at a foreclosure sale for the amount it will be owed by the time the foreclosure process concludes, and a bankruptcy sale will most likely ensure that the full amount Movant is owed.  A foreclosure sale is more likely to produce a deficiency and leave the Debtor's equity holders who have signed personal guaranties, Schaya and Landau, on the hook for that deficiency.  However, Movant conditions its preference for conversion to chapter 7 on the Court determining that Poller in fact had authority to file the Bankruptcy in the first place.[9]

## ARGUMENT

### A. The Bankruptcy Case Should Be Dismissed or Converted to Chapter 7

> Section 1112 governs the dismissal of a case filed under Chapter 11 of the Bankruptcy Code. Section 1112(b)(1) provides that, on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause.  Section 1112(b)(4) identifies specific circumstances that constitute "cause," but that list is illustrative, not exhaustive.  If a bankruptcy court determines that cause has been shown, then it has no choice, and no discretion, and must dismiss or convert the Chapter 11 case.

---

[8] Doc. 9, ¶ 19.
[9] Goldschmied Decl., ¶ 3.

*See, e.g.*, *In re JJ Arch LLC*, No. 24-CV-08649 (JAV), 2026 U.S. Dist. LEXIS 124344, at \*10 (S.D.N.Y. June 5, 2026) (internal citations and quotations omitted).  The filing of a bankruptcy in bad faith constitutes cause for dismissal under 11 U.S.C. § 1112(b).  *In re SPAC Recovery Co.*, 676 B.R. 708, 716–17 (Bankr. S.D.N.Y. 2026) (collecting cases).  Relevant factors that inform a court's assessment of bad faith include:

> (1) the debtor has only one asset; (2) the debtor has few unsecured creditors whose claims are small in relation to those of the secured creditors; (3) the debtor's one asset is the subject of a foreclosure action as a result of arrearages or default on the debt; (4) the debtor's financial condition is, in essence, a two-party dispute between the debtor and secured creditors which can be resolved in the pending state foreclosure action; (5) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights; (6) the debtor has little or no cash flow; (7) the debtor cannot meet current expenses including the payment of personal property and real estate taxes; and (8) the debtor has no employees.

*Id.* at 717, quoting *In re C-TC 9th Ave. P'ship*, 113 F.3d 1304, 1310 (2d Cir. 1997).  Here, the Debtor: (1) owns only one asset;[10] (2) has only one creditor, Movant;[11] (3) the Debtor's one asset is the subject of a foreclosure action as a result of arrearages or default on the debt;[12] (4) the Debtor's "*financial condition*" is, in essence, a two-party dispute between the Debtor and Movant which can be resolved in the pending state foreclosure action; (5) the timing of the Debtor's filing evidences an intent to delay or frustrate other proceedings and has stayed Movant's legitimate efforts to enforce its rights in the foreclosure action; (6) the Debtor does not appear to have adequate cash flow considering that it currently has $0; (7) the Debtor has failed to indicate whether it can meet the current expenses of maintaining its single asset, including paying taxes, refinance its debt owed to Movant or sell the real property; and (8) the Debtor has no employees,

---

[10] Doc. 14, PDF p. 6.
[11] *See, e.g.*, Doc. 14, PDF p. 9, Doc. 19.
[12] *See* Exhs. A–D.

4

all weighing in favor of finding the Bankruptcy was filed in bad faith and warrants dismissal or conversion of the case to chapter 7. *Id.* (emphasis added).  Additionally, the Debtor has not advised Movant whether it is currently carrying insurance on the real property, an express ground of "cause" warranting dismissal or conversion.  11 U.S.C. § 1112(b)(4)(C).

Moreover, the Debtor fails to explain how it is going to restructure its debt when the only debt it has is Movant's and Movant has chosen its remedy in resolving that debt by bringing a foreclosure action and has not indicated any willingness to forgo its rights. Considering that there are no other creditors to favor any form of restructuring the Debtor may propose, the Bankruptcy is futile because there is no way for the Debtor to force Movant to compromise through the Bankruptcy. *See, e.g.*, *SPAC Recovery Co.*, 676 B.R. at 717 (noting the bad faith is usually found when considering whether there exists a reasonable likelihood that the debtor intended to reorganize or whether the debtor can in fact reorganize using the bankruptcy process). Accordingly, the Debtor does not belong in bankruptcy and the case should be dismissed or converted.

## B. The Court Should Convert the Case to Chapter 7 if Poller Had Authority to File the Bankruptcy

Because "there is no bright-line test to determine whether conversion or dismissal is in the best interests of creditors and the estate", courts consider factors including:

> (1) whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal, (2) whether there would be a loss of rights granted in the case if it were dismissed rather than converted, (3) whether the debtor would simply file a further case upon dismissal, (4) the ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors, (5) in assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise, (6) whether any remaining issues would be better resolved outside the bankruptcy forum, (7) whether the estate consists of a "single asset," (8) whether the debtor had engaged in misconduct and whether

5

creditors are in need of a chapter 7 case to protect their interests, (9) whether a plan has been confirmed and whether any property remains in the estate to be administered, and (10), whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns.

*In re Babayoff*, 445 B.R. 64, 81-82 (Bankr. E.D.N.Y. 2011), citing 7 Collier on Bankruptcy ¶ 1112.04[7] at 1112-41 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2010).  Here, Movant has already expressed its interest in the Bankruptcy being converted to chapter 7 to the extent that the Court determines that Poller had authority to file the Bankruptcy.[13]  Indeed: (1) Movant will lose its right to have the asset sold through the Bankruptcy and produce a greater value through such process; and (2) the Debtor has engaged in misconduct by filing this Bankruptcy and Movant is in need of a chapter 7 case to protect it from further filings either here or in New Jersey where the real property is located.  As far as the estate is concerned, converting the case to chapter 7 will likely: (1) result in a high sale value of the Debtor's real property than the property would otherwise fetch in a foreclosure proceeding; (2) there are no remaining issues regarding the Debtor's assets that need to be resolved outside the bankruptcy forum; (3) the estate consists of a single asset, making its liquidation easy; and (4) all that remains to be administered is liquidation of the Debtor's asset.  Accordingly, all factors weigh in favor of converting the Bankruptcy to chapter 7 to the extent the Court can determine that the Bankruptcy was valid in the first place.

C. **The Automatic Stay Should Not Come Into Effect Upon**
   **a Subsequent Filing Except After Notice and a Hearing**

The Bankruptcy Code permits a court to impose a temporary bar to refiling a bankruptcy case or order that the automatic stay will be inapplicable to any subsequent filing unless the court, after notice and a hearing, "determines that the later case is filed in good faith as to the creditors to be stayed."  *In re Hartford & York LLC*, No. 13-45563-ess, 2014 Bankr. LEXIS 997, at *20–

---

[13] Goldschmied Decl., ¶ 3.

23. (Bankr. E.D.N.Y. Mar. 13, 2014).

To the extent that the Court does not believe that conversion is appropriate at this time, Movant respectfully requests that any subsequent bankruptcy filing the Debtor files will not impose an automatic stay until, upon notice and a hearing, the Debtor demonstrates that the Bankruptcy was filed in good faith. Movant maintains that the circumstances of this justify such relief considering that this Bankruptcy was clearly filed for non-bankruptcy purposes and the Debtor, through Poller or another agent, may file another bankruptcy case, in this District or another, and further stall Movant's attempts to enforce its rights. *See, e.g.*, *Hartford & York LLC*, 2014 Bankr. LEXIS 997, at \*20–23. Moreover, such relief would address Schaya's concerns regarding Poller's filing of this bankruptcy being an attempt to thwart his efforts to resolve his issue with Landau in arbitration and will avoid any further attempt to stall his arbitration.[14] Accordingly, such relief is appropriate.


**[INTENTIONALLY LEFT BLANK]**

---

[14] *See* Doc. 9.

## NOTICE

8.      Notice of this Motion will be given to all parties who have filed an electronic appearance and request for notice in the above captioned chapter 7 case and the other parties listed in the affirmation of service. In light of the nature of the relief requested, Movant submits that no other or further notice is required or needed under the circumstances.

9.      No previous application for relief as been made in this bankruptcy case.

## CONCLUSION

10.      In light of the above, Movant respectfully requests that the motion be granted in its entirety.


Dated: Pomona, New York
     August 7, 2026                            **BERKOVITCH & BOUSKILA PLLC**


                               *    /s/ Ariel Bouskila         *
                               Ariel Bouskila Esq.
                               *Attorneys for East Willi Capital LLC*
                               1545 U.S. 202 Suite 101
                               Pomona New York 10970
                               212-729-1477

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

In re:                                                    Chapter 11

1925 N Brunswick LLC,                                     Case No.: 26-43382 (JMM)

                              Debtor.
-------------------------------------------------------------X

### DECLARATION OF STEVEN GOLDSCHMIED IN SUPPORT OF MOVANT'S MOTION

Steven Goldschmied, declares and affirms the following under penalty of perjury:

1.      I, Steven Goldschmied, am a principal of East Willi Capital LLC and am fully familiar with facts of this case.

2.      I submit this declaration in support of Movant's[1] Motion.

3.      I maintain that Movant and the estate would be best off if the case is converted to chapter 7. I believe that conversion to chapter 7 will reduce Movant's costs in collecting the outstanding balance due to it and will ensure that the Debtor's real property is sold for the highest value, ensuring that the estate will recover whatever equity exists in excess of Movant's secured claim. I do not believe, based upon my experience with foreclosure proceedings, that the Debtor's property will sell at a foreclosure sale for the amount it will be owed by the time the foreclosure process concludes, and a bankruptcy sale will most likely ensure that the full amount Movant is owed. A foreclosure sale is more likely to produce a deficiency and leave the Debtor's equity holders who have signed personal guaranties, Schaya and Landau, on the hook for that deficiency. However, I condition my preference for conversion to chapter 7 on the Court determining that Poller in fact had authority to file the Bankruptcy in the first place.

4.      The Debtor purchased its one asset on July 26, 2024, for $800,000. A copy of the deed is attached as **Exhibit I**.

---

[1]      Terms not herein defined shall have the meaning ascribed to them in the *Motion to Dismiss the Bankruptcy Case or Convert It To Chapter 7 and Other Ancillary Relief.*

5.    I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 3, 2026

_____

Steven Goldschmied

**EXHIBIT I**
**(Property Deed)**

Prepared by:

_____

EDWARD P. SHAMY, JR., ESQ.

# DEED

This Deed is made on July 26, 2024

### BETWEEN

William G. Manning and Rita J. Manning, husband and wife

whose address is 961 Cordelia St., North Brunswick NJ 08902,

> referred to as the Grantor

### AND

1925 N Brunswick LLC

whose address is about to be 1925 Fourth St., North Brunswick NJ 08902

> referred to as the Grantee.

The words "Grantor" and "Grantee" shall mean all Grantors and all Grantees listed above.

**Transfer of Ownership.** The Grantor grants and conveys (transfers ownership of) the property described below to the Grantee. This transfer is made for the sum of $800,000.00 DOLLARS ($800,000.00)

The Grantor acknowledges receipt of this money.

**Tax Map Reference** (N.J.S.A.46:15-2.1) Township of North Brunswick, Block No.165, Lot No. 3

**Property.** The property consists of the land and all the buildings and structures on the land in the Township of North Brunswick, County of Middlesex and State of New Jersey.

The legal description is:

> See Schedule "A" attached hereto and made a part hereof.

> Being the same premises conveyed to Grantors herein by Deed from John Cappella and Barbara Jean Cappella, dated December 6, 1971 , recorded in the Office of the Middlesex County Clerk, on December 10, 1971, in Deed Book 2755, Page 348.

## SCHEDULE A
## REVISED LEGAL DESCRIPTION

Issuing Agent: Angel Title & Abstract, Inc.
Issuing Office File No. ANG-4895

ALL that certain lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Township of North Brunswick, in the County of Middlesex, State of New Jersey:

Beginning at a point, said point being the intersection of the southwesterly R.O.W. line of Oliver Court (40' R.O.W.), with the southeasterly R.O.W. line of Third Street (40' R.O.W.), and running; thence

1) Along said southwesterly R.O.W. line of Oliver Court, S42°11'00"E, a distance of 100.00 feet to a point; thence
2) S47°49'00"W, a distance of 100.00 feet to a point; thence
3) S42°11'00"E, a distance of 100.00 feet to a point in said northwesterly R.O.W. line of Fourth Street; thence
4) Along same, S47°49'00"W, a distance of 100.00 feet to a point marked by an iron bar found therein; thence
5) N42°11'00"W, a distance of 100.00 feet to a point; thence
6) S47°49'00"W, a distance of 50.00 feet to a point; thence
7) N42°11'00"W, a distance of 100.00 feet to a point in said southeasterly R.O.W. line of Third Street; thence
8) Along same, N47°49'00"E, a distance of 250.00 feet to a point, said point being the Point and Place of Beginning.

Being known and designated as Lots 128-131, 136-141, & 164-167 as shown on a certain map entitled "Township Of North Brunswick, Middlesex Co., N.J." said map was filed in the Middlesex County Clerk's Office on November 6, 1912 as Filed Map No. 696-524.

Being in accordance with a survey of said premises prepared by Morgan Engineering, LLC, David J. Von Steenburg, PLS, dated July 29, 2024, marked project #24-06160.

FOR INFORMATION PURPOSES ONLY: BEING known as 1925 Fourth Street, Tax Lot 3, Tax Block 165 on the Official Tax Map of Township of North Brunswick, NJ.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

In re:                                                                     Chapter 11

1925 N Brunswick LLC,                                          Case No.: 26-43382 (JMM)

                                        Debtor.
-------------------------------------------------------------X


### <u>DECLARATION OF JAKE BERGER IN SUPPORT OF MOVANT'S MOTION</u>

Jake Berger, declares and affirms the following under penalty of perjury:

1.       I am an attorney with Berkovitch & Bouskila, PLLC, and am fully familiar with facts of this case.

2.       I submit this declaration in support of Movant's[1] Motion.

3.       On May 14, 2026, I received an email from Landau's counsel in which counsel represented that Landau's consent is necessary for all matters concerning the Debtor.  A copy of the email is attached as **Exhibit 1**.

4.       I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 3, 2026

*Jake Berger, Esq.*
_____

Jake Berger

---

[1]    Terms not herein defined shall have the meaning ascribed to them in the *Motion to Dismiss the Bankruptcy Case or Convert It To Chapter 7 and Other Ancillary Relief*.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

In re:                                                                          Chapter 11

1925 N Brunswick LLC,                                           Case No.: 26-43382 (JMM)

                                          Debtor.
-------------------------------------------------------------X


## CERTIFICATE OF SERVICE

I, Leigha Durnion, a paralegal of Movant's counsel, hereby affirms under penalty of perjury that I caused a true and correct copy of the within Motion to dismiss the bankruptcy case or convert it to a case under chapter 7 of the Bankruptcy Code, and other ancillary relief of Movant, Notice, and this Affidavit, was sent to the Debtor's Counsel and all other required parties in accordance with the Rules of Bankruptcy Procedure on the date set forth below.

| | |
|---|---|
| 1925 N Brunswick LLC<br>443 E. 5th St.<br>Brooklyn, NY 11218<br>c/o Solomon Rosengarten<br>1704 Avenue M<br>Brooklyn, NY 11230-5423<br>Email: VOKMA@aol.com<br>**(Debtor's Counsel)** | Notice of Electronic Filing (ECF)<br>Email to Counsel |
| Israel Schaya<br>c/o Forchelli Deegan Terrana LLP<br>333 Earle Ovington Blvd., Suite 1010<br>Uniondale, NY 11553<br>Email: mamato@forchellilaw.com<br>**(Interested Party)** | Notice of Electronic Filing (ECF)<br>Email to Counsel |

U.S. Trustee                                                    Regular Mail
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014
USTPRegion02.BR.ECF@usdoj.gov

 Dated: Pomona, New York
        August 7, 2026                          **BERKOVITCH & BOUSKILA, PLLC**


                                                   */s/*Leigha Durnion
                                                Leigha Drunion
                                                Paralegal of Berkovitch & Bouskila, PLLC
                                                *Attorneys for East Willi Capital LLC*
                                                1545 U.S. 202 Suite 101
                                                Pomona New York 10970
                                                212-729-1477

2