UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In Re

1925 N BRUNSWICK LLC

Debtor

Case No. 26-43382-jmm

------------------------------------------------------------x

1925 BRUNSWICK LLC

                Plaintiff

          -against-

ISRAEL SCHAYA, ABRAHAM ROTH and
ROTH & COMPANY LLC,

              Defendants

**COMPLAINT**

------------------------------------------------------------x

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.

2.      This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), (H), (K) and (0).

3.      The venue is proper in this core proceeding pursuant to 28 U.S.C. § 1409.

4.      This matter is brought pursuant to the 11 U.S.C. §§ 506, 542, 544, 550 and Bankruptcy Rule 7001, *et seq.*

**FIRST CAUSE OF ACTION AGAINST ISRAEL SCHAYA**

5.      Plaintiff is a New York Limited Liability Company.

6.      Defendant Israel Schaya is an individual residing in Brooklyn, New York.

7.      On or about April 15, 2025, the plaintiff and Riverview Companies North Jersey LLC ("Riverview") entered into a lease whereby plaintiff, as landlord, leased the property located

1

at 1925 Fourth Street, North Brunswick, New Jersey to Riverview.

8.    Pursuant to the lease defendant Riverview was not required to pay rent for April, May, June and July 2025.

9.    Beginning in August of 2025, Riverview was required to pay, as monthly rent and "Additional Rent" as defined in the lease, the sum of $15,150.00 per month.

10.    The lease provided that rent and "Additional Rent" were to be paid at 481 Hackensack Avenue, Suite 2B #3004, Hackensack, New Jersey 07601.

11.    Since August of 2025,  Riverview paid the rent and "Additional Rent" to defendant Schaya or to an entity controlled by him.

12.    Defendant fraudulently induced Riverview to  pay the rent to him and not to the address designated in the lease for payment of rent by falsely advising Riverview that plaintiff wanted the funds  sent to a bank account controlled by defendant Schaya.

13.    Defendant Israel Schaya has converted the rent and "Additional Rent."

14.    As a result of the aforesaid conversion, plaintiff has been unable to make mortgage payments to East Willi Capital LLC ("East Willi"), a mortgagee on the subject property.

15.    Defendant Israel Schaya has failed and refused to make payments to the mortgagee from the rent he received.

16.    As a result, thereof, East Willi is prosecuting a foreclosure action against plaintiff in the New Jersey Superior Court.

**SECOND CAUSE OF ACTION AGAINST DEFENDANT ISRAEL SCHAYA**

17.    Plaintiff repeats the allegations set forth in paragraphs 1 through 16 of this Complaint.

18.    Defendant Israel Schaya received the rent and "Additional Rent" from Riverview and placed  it in an account controlled by him.

2

19. Upon information and belief, the balance in said account as of this date is $106,181.00.

20. Plaintiff is entitled to those funds and any other sums sent to Schaya as rent and "Additional Rent."

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS ABRAHAM ROTH, ROTH & COMPANY LLC and ISRAEL SCHAYA

21. Upon information and belief, defendant Abraham Roth is a certified public accountant.

22. Defendant Roth & Company is an accounting firm owned and/or controlled by defendant Abraham Roth.

23. Abraham Roth acted as an arbitrator in a dispute relating to plaintiff.

24. During the pendency of the arbitration proceedings, plaintiff deposited with defendants Abraham Roth and Roth & Company the sum of $23,000.00, which represented a security deposit paid by Riverside to plaintiff in connection with the aforesaid lease.

25. Said sum was to be held in escrow pending a determination by a court as to the disposition of those funds.

26. In violation of their duty, defendants Abraham Roth and Roth & Company LLC transferred the funds to Israel Schaya.

27. Schaya converted those funds.

**28.** Plaintiff is entitled to those funds.

WHEREFORE plaintiff demands

(1) on the First Cause of Action that

(a) the Court direct defendant Schaya to pay to plaintiff all of the rent and "Additional Rent" paid to him or any entity controlled by him to plaintiff'

3

(b) the Court award to plaintiff the sum of $181,000.00 in actual damages and

$100,000.00 in punitive damages;

(c) the Court award plaintiff additional damages in an amount not yet ascertained

(2) on the Second Cause of Action that the Court direct that the sum held in the

account by defendant Israel Schaya be transferred to the plaintiff's DIP account;

and

(3) on the Third of Action  that

(a) the Court direct defendant Israel Schaya to pay to plaintiff the sum of

$23,000.00; and

(b) award plaintiff punitive damages against defendants Schaya, Abraham Roth and

Roth & Company LLC

.

Dated: August 6, 2026

/s/ Solomon Rosengarten

SOLOMON ROSENGARTEN
Attorney for Plaintiff
2329 Nostrand Avenue
Brooklyn, New York 11210
718-627-4460
vokma@aol.com

4