UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In re                                                                                    Chapter 11

1925 N BRUNSWICK, LLC                                                    Case No. 26-43382-jmm

Debtor

--------------------------------------------------------x

**MEMORANDUM OF LAW IN OPPOSITION TO MOTION OF ISRAEL SCHAYA TO DETERMINE THAT STAY IS NOT APPLICABLE OR TO MODIFY THE STAY**

SOLOMON ROSENGARTEN
2329 Nostrand Avenue
Brooklyn, New York 11210
718-627-4460
vokma@aol.com

Attorney for Debtor

## PRELIMINARY STATEMENT

This Chapter 11 case was filed by 1925 N Brunswick LLC ("Debtor"). An arbitration agreement between Aron Landau and Israel Schaya was signed, in which the arbitrating parties to submit all of their "outstanding business issues between [them] and their companies."[1] It is undisputed that one of "their companies" was the Debtor herein. The arbitrator rendered a decision and award,[2] However, said award was vacated by Order of the New York Supreme Court, Kings County.[3]

Israel Schaya ("Movant") seeks to have the Court determine that the automatic stay does not apply to the arbitration.

Prior to making its argument, Debtor submits that the Court should disregard the allegations made by counsel for the Movant against Landau because they are not based on personal knowledge.

## THE AUTOMATIC STAY BARS THE ARBITRATION FROM PROCEEDING

Movant argues that the automatic stay is not applicable because the Debtor is not party to the arbitration. This is a narrow and unrealistic view of the "real

---

[1] Exhibit "B" to Movant's papers.
[2] Exhibit "C" to Movant's papers.
[3] Exhibit "D" to Movant's papers

world" situation. The fact is that the arbitration between the arbitrating parties directly affects the Debtor because one of the issues before the arbitrator is whether or how the assets of the Debtor should be distributed. If the assets of the Debtor are transferred to one of the parties to the arbitration or used to satisfy the debts or investment of another of the companies in which the arbitrating parties have an interest, it will directly affect the assets of the Debtor. For example, in the arbitration award which was vacated, the arbitrator determined that Landau was owed $75,000.00 in salary and that amount should be taken from the assets of "BB Supplier, Inc. and/or Toyvation LLC."[4] In other words, the arbitrator haphazardly made a decision affecting the assets of companies which did not necessarily owe Landau a salary. The arbitrator can make decisions affecting the assets of the Debtor because the arbitration agreement between Schaya and Landau specifically provides, in paragraph 1 of the agreement, that the arbitrator can decide all outstanding issues between the parties "and their companies." This is precisely what the automatic stay is intended to prevent.

In determining the motion before it, the Court must bear in mind that "Given its fundamental importance to a debtor's bankruptcy case, the automatic stay is broadly written and broadly construed." *Grinspan v. Grinspan*, 597 B.R. 725, 733 (Bankr. E.D.N.Y. 2019) (internal quotation marks and citations omitted).; see also

[4] Paragraph 11 of Arbitration Award.

*Feltman v. Wells Fargo Bank, N.A*. (In re TS Emp., Inc.), 597 B.R. 494, 533 (Bankr. S.D.N.Y. 2019) ("The scope of the stay is broad, encompassing almost any type of formal or informal action taken against the debtor or the property of the bankruptcy estate, " quoting *In re Salov*, 510 B.R. 720, 726 (Bankr. S.D.N.Y. 2014). The automatic stay allows "the bankruptcy court to centralize all disputes concerning property of the debtor's estate so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other arenas." Id. (quoting *United States Lines, Inc. v. Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc*. (In re United States Lines, Inc.), 197 F.3d 631, 640 (2nd Cir. 1999).

Movant's argument is predicated on Section 362(a)(1) of the Bankruptcy Code. That subdivision provides that the filing of a bankruptcy petition stays "action[s] or proceeding[s] [against] the debtor . . . ." Movant relies on the general rule enunciated in enunciated in *Garcia v. Hatchet Works Corp*., 659 B.R. 626, 631 (E.D.N.Y. 2024) that the automatic stay is generally limited to debtors and do[es[ not automatically encompass non-bankrupt third-part[ies][.]").

However, there are exceptions to the general rule. "[W[hen an identity of interest exists between the debtor and third-party non-debtor to the extent that the debtor is the real party defendant and that a judgment against the third-party non-debtor will affect directly the debtor, the automatic stay will apply to the non-debtor. *A.H. Robins Co., Inc.*, 788 F.2d 994, 999 (4th Cir. 1986), cert. denied, 479

U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986);.*In re North Star Contracting Corp*., 125 B.R. 368 (S.D. N.Y. 1991). As set forth in the arbitration agreement, the arbitrator has the authority to decide any matters involving companies in which the arbitrating parties claim an interest, including that of the Debtor. A decision by the arbitrator with respect to this question may affect the Debtor directly because the arbitrator may determine that the Debtor may need to make a payment to one of the arbitrating parties. Thus, it will directly affect the Bankrupt Estate. Therefore, the stay applies.

Furthermore, the automatic stay applies to a non-party in any action "against those whose interest are so intimately intertwined with those of the debtor that the latter may be said to be the real party in interest" or which would significantly harm the debtor's reorganization efforts is automatically stayed by operation of § 362(a)(1). *A.H. Robbins Co., Inc.*, supra, 788 F.2d at 999.

Clearly, the interests of the parties to the arbitration are "intimately intertwined with those of the debtor." Both parties to the arbitration claim an interest in the Debtor. They are therefore intertwined. Moreover, both parties can be said to be the real parties in interest as their interests are entirely intertwined with the Debtor since they are seeking an ownership financial interest in the Debtor.

Another exception comes into play where the debtor and the non-bankrupt party can be considered one entity or as having a unitary interest. *A.H. Robins Co.,*

*Inc. v. Piccinin*, supra. The parties to the arbitration are seeking control over the Debtor or compensation from it. The parties clearly have a unitary interest in the Debtor.

A stay also applies to non-debtors when the "debtor and nonbankrupt are closely related." *Matter of S.I. Acquisition, Inc.*, ,817 F.2d 1142, 1147 (5th Cir. 1987). In the instant case, the Debtor and the parties to the arbitration are closely related. Both of them claim to have a controlling interest in the Debtor. Indeed, one of the issues which the arbitrator must decide Is what interest each party has in the Debtor and the extent to which any assets of the Debtor should
be transferred them or one of them.

In the same case, the Fifth Circuit held that the automatic stay applies to a non-debtor "when a cause of action seeks to recover property of the estate when the property is held or controlled by a person or entity other than the debtor." In the instant case, Both parties to the arbitration claim an interest in the Debtor. Landau claims a 100% in the Debtor. Thus, the arbitration proceeding is an effort to wrest control of the Debtor from the other party, who claims control of the entity. This falls squarely within the holding of the Fifth Circuit and the stay is therefore applicable to the arbitration proceeding.

Furthermore, Section 362(a)(3) of the Code provides that the automatic stay applies when it affects the "property of the estate." The subdivision explicitly states

that the automatic stay applies to "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." Section 541(a) of the Code broadly defines "property of the estate" to include "all legal or equitable interests of the debtor in property as of the commencement of the case. Since the arbitrator has before him the question of who owns or controls the Debtor, his decision will result in one of the party obtaining possession of the property or to “exercise control over the property.” The stay is therefore in effect.

**CONCLUSION**

For the foregoing reasons, the Court should deny Movant’s application.

Dated: August 14, 2026

Respectfully Submitted.

/s/ Solomon Rosengarten

SOLOMON ROSENGARTEN
Attorney for Debtor