UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re: Case No. 26-43382-jmm

1925 N BRUNSWICK LLC, **CHAPTER 11**

Debtor

-----------------------------------------------------------X

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE PRIVATE SALE OF REAL PROPERTY PURSUANT TO 11 U.S.C. § 363(b), a(II) AUTHORIZING THE DEBTOR TO ENTER INTO A DEFINITIVE PURCHASE AND SALE AGREEMENT WITH OPEN INDUSTRIAL ACQUISITIONS, OR ITS DESIGNEE, (III) PERMITTING THE SALE FREE AND CLEAR OF LIENS UNDER SECTION 363(f), AND (IV) GRANTING RELATED RELIEF**

1. I am the attorney for the Debtor, 1925 N BRUNSWICK LLC, (the "Debtor") in the above-captioned Chapter 11 case and am personally familiar with the facts set forth herein.
2. I make this motion for an order pursuant to sections 105(a), 363(b), 363(f), and 363(m) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules"), authorizing the Debtor to consummate a private sale of its real property located at 1925 4th Street, North Brunswick, New Jersey (the "Property") to Open Industrial Acquisitions ("Purchaser"), or its permitted designee, for $1,800,000.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.
4. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2), including § 157(b)(2)(N) and (O).

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory predicates for the relief requested herein are sections 105(a), 363(b), 363(f), and 363(m) of the Bankruptcy Code, Bankruptcy Rules 2002 and 6004, and Local Rule 6004-1.

**BACKGROUND**

5. On July 27, 2026 the Debtor commenced this Chapter 11 case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

6. The Debtor continues to operate as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

7. The Debtor owns the real property commonly known as 1925 4th Street, North Brunswick, New Jersey 08902, together with all buildings, improvements, fixtures, easements, rights and appurtenances relating thereto (collectively, the "Property").

8. The Property constitutes property of the bankruptcy estate.

9. The Property is used as a warehouse and is currently leased to one tenant.

10. There is a mortgage on the property, held by East Willi Capital LLC.

11. The principal amount of the mortgage is $600,000.00; the amount currently due is approximately $750,000.00.

12. The Secured Creditor has commenced a foreclosure action in the New Jersey Superior Court, which is currently pending.

13. There are no other creditors.

14. The Debtor has determined, in the exercise of its busi.ness judgment, that a sale of the Property is in the best interests of the estate and its creditors.

**THE PROPOSED PRIVATE SALE**

11. The Debtor has received a written Letter of Intent ("LOI") from Open Industrial Acquisitions concerning the purchase of the Property (Exhibit "A").
12. The proposed purchase price for the Property is $1,800,000.
13. This price is consistent with an appraisal which determined that the market value of the Property is $1,800,000 (Exhibit "B")..
14. The parties have not yet executed a purchase and sale agreement.
15. The Debtor therefore seeks authority to execute and consummate a purchase and sale agreement with Purchaser, or its permitted designee, consistent with the terms set forth in the LOI.
16. The purchase and sale agreement will contain customary representations, warranties, closing conditions, title provisions, closing procedures and other provisions appropriate for a commercial real estate transaction.
17. The Debtor requests that it be authorized to execute such agreement and all documents necessary or appropriate to consummate the sale without the necessity of seeking a further order of this Court, provided that the material economic terms are not materially less favorable to the Debtor than those described herein and in the LOI.
18. Debtor intends to pay off the mortgage at the closing from proceeds of the sale price.
19. The Debtor will nevertheless conduct appropriate title and lien searches and will address any valid liens, claims, encumbrances or other interests identified prior to closing in accordance with applicable law and the Sale Order.

## A PRIVATE SALE IS APPROPRIATE

21. The Debtor seeks approval of the transaction as a private sale rather than through an auction.

22. The Debtor has not entered into a purchase agreement and does not propose to conduct an auction or a formal stalking-horse bidding process.

23. The Debtor submits that a private sale is appropriate because:

(a) the Debtor has identified a ready, willing and financially capable purchaser;

(b) the proposed purchase price is $1,800,000;

(c) The purchase price is consistent with the fair market value of the Property as determined by an appraisal.

(d) the transaction provides the estate with a substantial cash recovery without the delay and expense associated with an auction process;

(e) the Property is a discrete real estate asset rather than an operating business requiring a broad auction process;

(f) the Debtor believes that continued ownership of the Property exposes the estate to continuing carrying costs, expenses, taxes, insurance and other risks; specifically, the above-referenced loan is in default and is incurring a default interest rate of 24%, which amounts to $144,000 annually. With each passing month, this creates a significant risk of eroding equity of the estate.

(g) the proposed transaction provides certainty of execution and closing, subject to satisfaction of the conditions contained in the definitive agreement and the Court's order; and

(h) the Debtor believes that the proposed sale is in the best interests of the estate and its creditor.

24. The Debtor respectfully submits that the circumstances do not warrant the additional expense and delay of a formal auction.

25. The Debtor is seeking Court approval of the proposed private sale after notice to the creditor and parties in interest, thereby providing an opportunity for objections.

26. The Debtor reserves the right, if directed by the Court or if circumstances warrant, to consider competing offers or such other procedures as the Court may order.

**BASIS FOR RELIEF UNDER SECTION 363(b)**

27. Section 363(b)(1) of the Bankruptcy Code permits a trustee, after notice and a hearing, to sell property of the estate outside the ordinary course of business.

28. Pursuant to section 1107(a) of the Bankruptcy Code, the Debtor, as debtor in possession, possesses substantially all of the rights and powers of a trustee.

29. The sale of the Property is outside the ordinary course of the Debtor's business and therefore requires Court authorization under section 363(b).

30. Bankruptcy courts generally evaluate a proposed sale under section 363(b) by determining whether the debtor has exercised sound business judgment and whether the transaction is in the best interests of the estate.

31. Here, the Debtor has exercised its business judgment and determined that selling the Property for its market value and paying off the mortgage is in the best interests of the estate.

32. The proposed transaction will convert a substantial illiquid real estate asset into cash, provide liquidity to the estate, pay off the mortgage and eliminate the ongoing costs and

risks associated with continued ownership, as well as the foreclosure case currently pending.

33. The Debtor therefore respectfyingully requests authorization to consummate the proposed private sale.

34. Upon information and belief Israel Schaya claims an interest in the Debtor; Debtor and its principal, Aron Landau dispute Schaya's assertion.

35. Therefore, the Order should provide that the funds remaining after the closing and paying the creditor and closing costs, be held in escrow until a determination is made as to the respective interests of Landau and Schaya.

**SALE FREE AND CLEAR UNDER SECTION 363(f)**

36. To the extent that the Property is subject to any lien, claim, encumbrance or other interest that may be addressed pursuant to section 363(f), the Debtor requests authority to sell the Property free and clear of such interests to the extent one or more of the requirements of section 363(f) are satisfied.

37. Any valid lien or other interest that is entitled to attach to the sale proceeds shall attach to the proceeds with the same validity, priority and extent as such lien or interest had against the Property immediately before the sale, subject to applicable law and further order of this Court.

38. As stated there is a mortgage encumbering the Property.

39. The current amount owed is approximately $750,000.00.

40. The Debtor's request for relief under section 363(f) is therefore precautionary and is intended to address any valid liens, claims, encumbrances or interests identified in the title examination or otherwise applicable to the Property.

## GOOD FAITH PURCHASER

38. The Debtor requests a finding that Purchaser is a good-faith purchaser within the meaning of section 363(m) of the Bankruptcy Code, to the extent applicable.
39. Purchaser has negotiated with the Debtor concerning the proposed transaction at arm's length.
40. There is no insider relationship between Purchaser and the Debtor.
41. The Debtor requests that the Sale Order provide that Purchaser is entitled to the protections afforded by section 363(m) to the extent applicable.

## NOTICE

42. Notice of this motion shall be provided to all parties entitled to notice under the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any applicable orders entered in this Chapter 11 case.
43. The Debtor submits that such notice is sufficient and appropriate under the circumstances.
44. The Debtor further submits that the proposed sale procedures comply with the requirements applicable to private sales under Local Rule 6004-1 and Administrative Order No. 557.
45. The Debtor requests that the Court set such objection deadline and hearing date as it deems appropriate.

WHEREFORE, the Debtor respectfully requests entry of an order:

A. authorizing the Debtor pursuant to Bankruptcy Code § 363(b) to sell the Property located at 1925 4th Street, North Brunswick, New Jersey, to Open Industrial Acquisitions, or its permitted designee, for $1,800,000;

B. approving the proposed transaction as a private sale;

C. authorizing the Debtor to execute and deliver a purchase and sale agreement consistent in all material respects with the LOI;

D. authorizing the Debtor to execute all deeds, affidavits, closing statements, transfer documents, escrow agreements and other documents reasonably necessary to consummate the transaction;

E. authorizing, to the extent applicable and permitted by § 363(f), the sale free and clear of liens, claims, encumbrances and other interests;

F. providing that any valid liens or interests shall attach to the sale proceeds as provided by applicable law;

G. finding that Purchaser is entitled to the protections of Bankruptcy Code § 363(m), to the extent applicable;

H. authorizing payment from the sale proceeds of customary and reasonable closing costs, transfer taxes, title charges, recording charges, brokerage commissions, and other expenses properly attributable to the transaction;

I. providing that the Debtor shall have authority to take all actions necessary or appropriate to consummate the sale; and

J. granting such other and further relief as the Court deems just and proper.

Dated: Brooklyn, New York
September 15, 2026

/s/ Solomon Rosengarten

SOLOMON ROSENGARTEN