UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-X

In re:

1925 N BRUNSWICK LLC,

Debtor

- X

Case No. 26-43382-jmm

**CHAPTER 11**

**ORDER AUTHORIZING SALE OF REAL PROPERTY LOCATED AT 1925 4TH STREET, NORTH BRUNSWICK, NEW JERSEY, FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, WITH SUCH INTERESTS TO ATTACH TO THE SALE PROCEEDS**

Upon the motion dated September 15, 2026 of 1925 N Brunswick LLC, the debtor and debtor in possession (the "Debtor"), for entry of an order pursuant to sections 363(b), 363(f), and 1107(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the sale of the Debtor's right, title, and interest in the real property commonly known as 1925 4th Street, North Brunswick, New Jersey, together with the improvements, fixtures, and appurtenances to Open Industrial Acquisitions pursuant to the Letter of Intent and upon the declarations and other papers filed in support of the Motion; and upon the record of the hearing held on and after due deliberation and sufficient cause appearing;

**THE COURT FINDS AND DETERMINES THAT:**

A. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157 and the applicable order of reference. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(N). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The Property is property of the Debtor's estate within the meaning of section 541 of the Bankruptcy Code. The Debtor is authorized to act as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

C. As established by the affidavits or certificates of service filed at ECF Nos.  proper and sufficient notice of the Motion, the proposed sale, the requested free-and-clear relief, the objection deadline, and the Sale Hearing has been provided as required by Bankruptcy Rules 2002, 6004, and 9014, including service under Bankruptcy Rule 7004 where applicable. Each holder of an interest to be affected by this Order received legally sufficient notice and an opportunity to be heard.

D. The sale is supported by a sound business purpose and constitutes a reasonable exercise of the Debtor's business judgment. Based on an appraisal report dated, the consideration under the Agreement is fair and reasonable, and the sale is in the best interests of the Debtor, its estate, and creditors.

E. For each lien, claim, encumbrance, or other interest to be removed from the Property under this Order (collectively, the "Liens"), at least one condition of section 363(f) of the Bankruptcy Code has been satisfied. Interests expressly preserved under paragraph 4 below are excluded from the defined term "Liens."

F. The attachment of the Liens to the sale proceeds as provided herein provides adequate protection of the affected interests to the extent required by section 363(e) of the Bankruptcy Code.

G. The Agreement was negotiated at arm's length. The Purchaser has acted in good faith in connection with the sale, and the transaction was not the product of fraud, collusion, or an

attempt to take grossly unfair advantage of other bidders. The Purchaser is a good-faith purchaser within the meaning of section 363(m) of the Bankruptcy Code.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth in this Order.
2. Pursuant to sections 363(b) and 1107(a) of the Bankruptcy Code, the Debtor is authorized to enter into a contract and the sale contemplated thereby is approved, subject to this Order. The Debtor is authorized to sell and convey the Property to the Purchaser for $1,800,000.00, subject to the deposits, credits, prorations, and adjustments expressly provided in the Agreement and authorized by this Order. Closing shall occur in accordance with the Agreement, subject to paragraph 12 below.
3. Upon closing and payment of the consideration set forth in the LOI, the Debtor's right, title, and interest in the Property shall transfer to the Purchaser free and clear of the Liens identified in Exhibit C pursuant to section 363(f) of the Bankruptcy Code.
4. All Liens removed from the Property pursuant to this Order shall attach to the proceeds of the sale with the same validity, priority, extent, and enforceability that they had against the Property immediately before closing, subject to all claims, defenses, objections, avoidance rights, and other challenges of the Debtor, the estate, and parties in interest. Except as expressly adjudicated herein, this Order does not determine the validity, amount, priority, or enforceability of any Lien.
5. The sale proceeds shall be deposited into a segregated escrow account maintained by pending further order of the Court.
6. No disputed lien claim shall be paid without further order of the Court. No deduction from proceeds subject to Liens is authorized except as expressly set forth herein.

7. The Debtor, through its duly authorized representative, is authorized to execute and deliver the deed, closing statement, affidavits, certificates, and other documents reasonably necessary to consummate the Agreement in accordance with this Order. No further corporate action is required to the extent otherwise necessary to implement the sale authorized herein.

8. Upon closing, holders of Liens removed pursuant to this Order shall execute and deliver releases or other instruments reasonably necessary to evidence removal of their Liens from the Property, without impairing their rights against the sale proceeds as preserved herein. The Debtor and Purchaser are authorized to record a certified copy of this Order, including the Property's legal description and the schedule of affected Liens, in the appropriate real property records of Middlesex County, New Jersey. Upon closing, failure to deliver a separate release shall not prevent the transfer free and clear of those Liens as expressly authorized by this Order.

9. This Order authorizes the sale of the Debtor's interest in the Property only. It does not authorize the sale of any nondebtor's ownership interest, the assumption or assignment of any executory contract or unexpired lease under section 365 of the Bankruptcy Code, or termination of any tenant's possessory rights, absent additional express relief supported by notice and findings. The Purchaser assumes only those obligations expressly assumed under the Agreement. No release of third-party claims or blanket exemption from applicable law is granted.

10. The Purchaser is entitled to the protections of section 363(m) of the Bankruptcy Code to the extent provided therein.]

11. Pursuant to Bankruptcy Rule 6004(h), this Order is stayed for fourteen (14) days after entry.

13. Following closing, the Debtor shall file the report required by Bankruptcy Rule 6004(f)(1), unless otherwise ordered by the Court, and shall provide a closing accounting identifying the gross consideration, authorized disbursements, and proceeds retained in escrow.

14. The Court retains jurisdiction, to the extent permitted by law, to interpret and enforce this Order and to resolve disputes concerning the sale proceeds and the Liens attaching thereto.

Dated:

______________________________
HON. JIL MAZER-MARINO
UNITED STATES CHIEF BANKRUPTCY JUDGE