UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

In re Chapter 11

1925 N BRUNSWICK, LLC Case No. 26-43382-jmm

Debtor.

---------------------------------------------------------x

**ADEQUATE PROTECTION PAYMENT ORDER**

Upon the Motion ("Motion") (ECF Doc. No. 24) of East Willi Capital LLC ("Movant") to dismiss the case in part because 1925 N BRUNSWICK, LLC, had failed to provide Movant with adequate protection payments on account of its asserted secured interest in the Debtor's property as alleged in the foreclosure proceeding presently pending in Superior Court of New Jersey, Chancery Division, Middlesex County, styled *East Willi Capital v. 1925 N Brunswick LLC et al*, Dckt No.: SWWC-F-002710-26 (the "Foreclosure Action")(Foreclosure Action Dckt No.: 1); and a hearing on the Motion having been held on September 23, 2026 (the "Hearing") at which the Debtor and Movant agreed to the Debtor providing adequate protection payments from the date of the petition through the pendency of the Bankruptcy Case in resolution of the Movant's asserted rights to protection (the "Adequate Protection Payments"); and upon the objections to the request, and to the proposed Adequate Protection Payments by Israel Schaya; and good and sufficient cause being found to permit the Debtor to make the Adequate Protection Payments during the pendency of the Bankruptcy Case without prejudice to the rights and claims of the Debtor and any party in interest, including, but not limited to challenge the payments, amount and/or application thereof, it is

**ORDERED**, that the Debtor shall pay Movant $48,000 for the period of the petition date through the end of October ("Initial Payment" or a "Payment") no later than 5 PM on October 22, 2026; and it is further

**ORDERED**, that the Debtor shall pay Movant $12,000 by 5 PM of November 1, 2026, and by 5 PM of the first of every month thereafter (each of which are a "Payment"), as long as this bankruptcy case is pending, unless the Court orders otherwise; and it is further

**ORDERED**, that the Debtor may cure any default on a Payment (a "Default") within ten days of Movant filing a certification of default on the docket in this bankruptcy case and emailing the Debtor's counsel at vokma@aol.com and Israel Schaya's counsel at gluckman@forchellilaw.com and mamato@forchellilaw.com, or their respective counsel of record a copy of the certification of default (the "Notice"). If Israel Schaya and/or the Debtor no longer have counsel of record, an email to Israel Schaya's representatives Gerard R. Luckman and Michael S. Amato at gluckman@forchellilaw.com and mamato@forchellilaw.com and Israel Schaya at israel@goldstarelectronics.com shall constitute service of the Notice upon Israel Schaya and an email to the Debtor's representative Aron Landau at aronlandau01@gmail.com shall constitute service of the Notice upon the Debtor; and it is further;

**ORDERED**, that if the Debtor fails to cure a Default, Movant shall submit a proposed Order for the Court to dismiss the Bankruptcy Case; and it is further

**ORDERED**, that the Debtor may move to disgorge a portion or all adequate protection payments from Movant should the Court determine that the security interests arising from Movant's Mortgage are partially or entirely unenforceable; and it is further

**ORDERED**, that the parties reserve all of their respective rights and claims, including, but not limited to, the bankruptcy proceeding, Foreclosure Action and the Adequate Protection Payments.

Dated: October 7, 2026
Brooklyn, New York

United States Bankruptcy Court
Eastern District of New York

Jil Mazer-Marino
Chief United States Bankruptcy Judge